UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| MARION FULLERLOVE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:15-cv-04207-SLD-JEH |
| | ) |
| MENARD INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Menard, Inc.'s ("Menard") motion for summary judgment, ECF No. 35. For the following reasons, the motion is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

Plaintiff Marion Fullerlove lives in Sherrard, Illinois. Menard, a Wisconsin corporation, operates a chain of retail outlets under the name "Menards," selling a variety of home improvement supplies, building materials, tools, and appliances.

On November 28, 2014, Fullerlove was shopping at a Menards location in Moline, Illinois. The parking lot at this location is striped with yellow acrylic paint. The curbs were also painted yellow, at least all the ones relevant to this case. Fullerlove finished his shopping, and at about 1:43 p.m., pushed a shopping cart with a few items in it back to his car, which he had

---

[1] At summary judgment, a court "constru[es] the record in the light most favorable to the nonmovant and avoid[s] the temptation to decide which party's version of the facts is more likely true." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003). The facts related here are taken from Menard's undisputed material facts, Mot. Summ. J. 2–6, Resp. Mot. Summ. J. 2, ECF No. 38, from Fullerlove's disputed material facts and additional material facts, Resp. Mot. Summ. J. 2–3, from Menard's disputed material facts, Reply Mot. Summ. J. 2–3 ECF No. 39, and from the exhibits to the motion. Where the parties disagree about the facts, the Court views the evidence in the light most favorable to Fullerlove, the non-moving party, and draws all reasonable inferences in his favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986)).

1

parked in one of the handicapped parking spots. The weather was not cold enough to produce ice; indeed, Fullerlove states that it was "kind of rainy like," Fullerlove Dep. 11:24, Mot. Summ. J. Ex. 6, ECF No. 35-6, and the parties agree that there were accumulations of water on some of the curbs and other flat surfaces. Fullerlove stopped pushing the cart when he arrived at his car. Still on the curb in front of the car, he let go of the cart, took a step or two to his right at the edge of the curb, and fell forward into the parking lot. He was briefly stunned. Bystanders helped him to his feet. His wife drove him to the hospital.

On November 24, 2015, Fullerlove filed suit in Illinois Circuit Court in Rock Island, Illinois, alleging that Menard had breached its duty of care under Illinois law to make the premises reasonably safe for invitees, and that he had fallen as a result of this breach. Compl. 1–2, Not. Removal Ex. 1, ECF No. 1-1. On December 16, 2015, Menard removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1446. On December 21, 2016, Menard moved for summary judgment on Fullerlove's claim.

## DISCUSSION

**I.     Legal Standard on a Motion for Summary Judgment**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At the summary judgment stage the court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial—that is, whether there is sufficient evidence favoring the non-moving party for a jury to return a verdict in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *Patel v. Allstate Ins. Co.*, 105 F.3d 365, 370 (7th Cir. 1997). The court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.

*McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir.1999) (quoting *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994).

## II.     Analysis

Menard argues that summary judgment must enter in its favor because Fullerlove cannot show that it breached any duty of care in its use of paint on the curbs in its parking lot, Mot. Summ. J. 8–12; and that he cannot show that any alleged breach proximately caused his fall, *id.* at 12–16. Fullerlove's response, adorned with just one citation to legal authority, observes that juries make findings of fact.

Illinois law governs Menard's liability in this diversity case. "In Illinois, businesses owe their invitees a duty to maintain the premises in a reasonably safe condition to avoid injuring them [that is, the invitees]." *Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 649 (7th Cir. 2014); *see Marshall v. Burger King Corp.*, 856 N.E.2d 1048, 1057–58 (Ill. 2006). "Under Illinois law, '[t]he essential elements of a cause of action based on common-law negligence are the existence of a duty owed by the defendant to the plaintiff, a breach of that duty, and an injury caused by that breach.'" *Carlson v. Wal-Mart Stores, Inc.*, No. 06 C 4318, 2007 WL 4569867, at *2 (N.D. Ill. Dec. 21, 2007) (quoting *Judge-Zeit v. General Parking Corp.*, 875 N.E.2d 1209, 1215 (Ill. App. Ct. 2007)). Here, the parties agree that Fullerlove was an invitee of Menard, and that as a consequence, Menard owed him a duty to keep the Moline Menards location reasonably safe. The parties also agree that Fullerlove was injured. Breach and causation are thus the elements at issue.

Through the unrebutted report of its expert, George Widas, Menard has shown that there is no genuine issue of fact as to whether Menard breached a duty of care to its invitees by allowing the curb upon which Fullerlove slipped to be too slippery. Widas, a forensic engineer, examined the sidewalk and curb where Fullerlove fell. Widas used a tribometer, a device that measures (among other things) the coefficient of friction between two surfaces, and a "testfoot" (sample shoe sole), and found that, under both dry and wet conditions, the coefficient of friction between the shoe and fully painted areas of the curb was .64 ± 0.02. Widas Report 16, Mot. Summ. J. Ex. 4, ECF No. 35-4. He found that on areas where "asperities from the underlying concrete were evident through the safety yellow paint," *id.*, it was .68 ± 0.04.[2] (In other words, where the paint did not fully sheathe the concrete, the surface had even more friction.) Citing publications from OSHA and the National Bureau of Standards to the effect that surfaces with a coefficient of friction of .5 or greater are "non hazardous walkway surfaces," *id.* at 17, Widas concluded that Fullerlove's slow, shuffling steps at the time of his fall did not come close to applying lateral force in excess of the traction the curb provided. That is to say that, given Fullerlove's admission that he was wearing shoes with good traction, Fullerlove Dep. 15:10–11, and his observed slow gait, there is no way that Fullerlove could have slipped on the curb Widas studied, because the curb was not slippery enough. *Id.* at 26.

Fullerlove offers no evidence suggesting that Widas's assessment of the curb's slipperiness is wrong, beyond an assertion that the curb where he fell was slipperier than other parts of the curb. Resp. Mot. Summ. J. 3. However, the portion of his own deposition to which

---

[2] The coefficient of friction is the ratio of the force of friction (the force resisting relative motion) between two bodies and the force pressing them together. It can be measured of bodies in motion relative to each other, or static. *See Coefficient of Friction*, Wikipedia, https://en.wikipedia.org/wiki/Friction#Coefficient_of_friction (last visited April 16, 2017). It is a useful measure of the safety of walking surfaces because it allows determination of how much lateral force, depending on a person's weight and shoe surface, will have to be applied to a planted foot to overcome the force of friction and cause that foot to start slipping.

Fullerlove cites does not support this assertion, *see* Fullerlove Dep. 9:3–17; and, more significantly, a plaintiff's bare assertion that the area he fell on was slipperier than the surroundings, without more evidence of some kind, is insufficient to survive summary judgment. *See Kimbrough v. Jewel Companies, Inc.*, 416 N.E.2d 328, 331–32 (Ill. App. Ct. 1981) ("Liability cannot be predicated upon surmise or conjecture as to the cause of the injury; proximate cause can only be established when there is a reasonable certainty that defendant's acts caused the injury."). No reasonable jury could determine that the curb's slipperiness caused Fullerlove's fall.

Fullerlove's only claim is based on Menard's negligence in maintaining the premises; however, since any negligence could not have caused Fullerlove's injury, summary judgment for Menard is appropriate, as is dismissal of Fullerlove's claim.

## CONCLUSION

Accordingly, Defendant's motion for summary judgment, ECF No. 35, is GRANTED. No further claims remaining, the Clerk is directed to enter judgment and close the case.

Entered this 20th day of April, 2017.

s/ Sara Darrow  
SARA DARROW  
UNITED STATES DISTRICT JUDGE